UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| COURTNEY JAYNE, individually and as personal representative of the estate of M.Z., | 4:18-CV-04088-KES |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE PORTIONS OF DR. NEMIRE'S ERRATA SHEET |
| vs. | |
| CITY OF SIOUX FALLS, | |
| Defendant. | |

Plaintiff, Courtney Jayne, moves under Federal Rule of Civil Procedure 30(e) to strike portions of defense expert Dr. Kenneth Nemire's errata sheet. Docket 41. Defendant, the City of Sioux Falls, opposes the motion. Docket 55. For the following reasons, the court grants in part and denies in part Jayne's motion to strike.

**FACTUAL BACKGROUND**

The City of Sioux Falls designated Kenneth Nemire as an expert witness. On August 20, 2019, Dr. Nemire was deposed by Jayne's counsel. *See* Docket 43-1. On September 26, 2019, Dr. Nemire completed an errata sheet to his deposition that listed twenty-five corrections. Docket 43-2. In his errata sheet, Dr. Nemire stated "that said transcript is a true and correct, full and complete transcription of my deposition, except per the attached corrections[.]" *Id.* at 1.

Jayne objects to seven of the twenty-five corrections contained in Dr.

Nemire's errata sheet. Docket 42 at 1-2, 5-13. The seven corrections that Jayne objects to are as follows.[1] For his first correction, Dr. Nemire changed his answer of "Sure" to "Sure. Z535 provides ONE method of evaluating symbols." Docket 43-1 at 10; Docket 43-2 at 2. Dr. Nemire labeled this change as a clarification. Docket 43-2 at 2. For his second correction, Dr. Nemire changed his answer of "That's correct" to "That's not correct." Docket 43-1 at 7; Docket 43-2 at 1. Dr. Nemire labeled this change as a correction and stated that he "must have misunderstood the question." Docket 43-2 at 1. He also provided additional reasoning for his change. *Id.* at 1-2. For his third correction, Dr. Nemire changed the phrase "contribution of" to "exposure to." Docket 43-1 at 7; Docket 43-2 at 2. Dr. Nemire labeled this as a clarification. Docket 43-2 at 2. For his fourth correction, Dr. Nemire changed his answer of "Not piles" to "Not large piles." Docket 43-1 at 8; Docket 43-2 at 2. He labeled this change as a clarification. Docket 43-2 at 2.

Dr. Nemire's fifth correction pertained to his deposition testimony that Jayne said Maggie "[r]an into the – what she thought was snow, yes, and that caused her to fall." Docket 43-1 at 5; Docket 43-2 at 1. In his errata sheet, Dr. Nemire stated, "I misremembered Ms. Jayne's testimony . . . . I recalled the 'no stopping' descriptor and remembered it as running and not stopping." Docket 43-2 at 1. Dr. Nemire labeled this as a correction because his "recollection was incorrect." *Id.* For his sixth correction, Dr. Nemire changed the phrase "the

---

[1] The corrections are numbered based on the order of Jayne's objections and arguments. *See* Docket 42 at 5-13.

amount of" to "the actual." Docket 43-1 at 6; Docket 43-2 at 1. He labeled this change as a correction. Docket 43-2 at 1. For his last correction, Dr. Nemire changed the phrase "as true" to "as probably true." Docket 43-1 at 3; Docket 43-2 at 1. He labeled this change as a clarification. Docket 43-2 at 1.

The City of Sioux Falls filed a motion for summary judgment on October 1, 2019. Docket 28. On October 17, 2019, Jayne filed the pending motion to strike portions of Dr. Nemire's errata sheet. Docket 41. On June 4, 2020, the court denied the City's motion for summary judgment. Docket 58.

## DISCUSSION

Jayne argues that seven out of the twenty-five corrections in Dr. Nemire's errata sheet are material and contradict his sworn deposition testimony. Docket 42 at 1-2. Jayne requests that these seven corrections be stricken and suppressed. *Id.* at 2. The City of Sioux Falls opposes the motion to strike and argues that the corrections in Dr. Nemire's errata sheet do not contradict his deposition testimony. Docket 55 at 1, 7.

The Federal Rules of Civil Procedure allow deponents to make changes to their sworn deposition testimony in certain circumstances. *See* Fed. R. Civ. P. 30(e). Rule 30(e) allows a deponent to "review the transcript or recording" and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." *Id.* Despite this language, courts are split on the latitude to be afforded a deponent under Rule 30(e) to change his or her testimony with no controlling authority in the Eighth Circuit. *See* 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil*

3

§ 2118 (3d ed. 2010); *In re Genetically Modified Rice Litig.*, 2010 WL 3938376, at *1 (E.D. Mo. Oct. 5, 2010) (listing the different interpretations by courts); *Harden v. Wicomico Cty.*, 263 F.R.D. 304, 307-08 (D. Md. 2009) (same).

Some courts interpret Rule 30(e) literally to allow for any change so long as the original transcript is available for the trier of fact and the other requirements of Rule 30 are satisfied by providing a list of changes and a reason for those changes. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding Rule 30(e) "places no limitations on the type of changes that may be made, . . . nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes[.]" (internal quotation omitted)); *ADT Sec. Servs., Inc. v. Swenson*, 2010 WL 276234, at *7 (D. Minn. Jan. 15, 2010) (holding Rule 30(e) allows any changes even if changes contradict original testimony), *rev'd on other grounds*, 2010 WL 2954545 (D. Minn. July 26, 2010); *Receivables Purchasing Co. v. Eng'g & Prof'l Servs., Inc.*, 2006 WL 1096365, at *1 (W.D. Ark. Apr. 25, 2006) (denying motion to strike errata sheet because deponent gave reasons for his changes); *Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D. Va. 2002) (concluding that substantive, contradictory changes are permissible).

Other courts do not allow material changes that contradict the original deposition testimony unless the change is merely the correction of a transcription error. *See Burns v. Bd. of Cty. Comm'rs of Jackson Cty.*, 330 F.3d 1275, 1282 (10th Cir. 2003) (holding Rule 30(e) cannot be interpreted as allowing a deponent to alter what was said under oath with an errata sheet);

4

*Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005) ("Rule 30(e) is to be used for corrective, and not contradictory, changes."); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (acknowledging that the language of the rule itself may permit changes in the substance, but a change of substance that actually contradicts the deposition testimony is impermissible unless it is a correction of an error in transcription); *Wyeth v. Lupin Ltd.*, 252 F.R.D. 295, 297 (D. Md. 2008) (granting motion to strike errata sheet because changes did "not clarify but materially change[d] the answers."); *Herndon v. U.S. Bancorp Asset Mgmt., Inc.*, 2007 WL 9808026, at *1-3 (E.D. Mo. May 11, 2007) (striking errata sheet because "[w]hile the Court recognizes that Rule 30(e) authorizes changes in form or substance, the contested errata sheets in this case seek to substantially alter [the deposition] testimony." (internal quotation omitted)); *Rios v. Bigler*, 847 F. Supp. 1538, 1546-47 (D. Kan. 1994) ("The court will only consider those changes which clarify the deposition, and not those which materially alter the deposition testimony as a whole."); *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992) ("The Rule cannot be interpreted to allow one to alter what was said under oath. . . . A deposition is not a take home examination.").

After considering the different approaches federal courts have used in considering motions to strike substantive deposition changes, the court finds that in this instance, the better approach is the more limited interpretation of Rule 30(e). In reaching this holding, the court found persuasive a similar case

from this district. *See Wigg v. Sioux Falls Sch. Dist. 49-5*, 274 F. Supp. 2d 1084 (D.S.D. 2003), *rev'd on other grounds*, 382 F.3d 807 (8th Cir. 2004). In *Wigg*, a motion to strike the plaintiff's errata sheet and a motion for summary judgment were pending before the court. *Id.* at 1087. In determining whether Rule 30(e) allowed the plaintiff to make substantive changes to her deposition, the court provided a detailed discussion on how other circuits, specifically the Tenth, Seventh, and Second Circuits, addressed Rule 30(e) changes in the context of summary judgment. *Id.* at 1090-91. The court noted that the Tenth and Seventh Circuits analyze Rule 30(e) changes in the same manner as they analyze "sham affidavits"—affidavits that contradict deposition testimony in order to create a material question of fact for summary judgment. *Id.* (citing *Burns*, 330 F.3d at 1282; *Thorn*, 207 F.3d at 389). The *Wigg* court also discussed the Second Circuit's interpretation of Rule 30(e). *Id.* at 1091 (citing *Podell,* 112 F.3d at 103). The court noted that the Second Circuit allowed any and all changes and did not require a judge to examine the legitimacy of the reason for the change, but the original answer would remain part of the record and could be read at trial. *Id.* (citing *Podell*, 112 F.3d at 103).

The *Wigg* court found that the better approach came from the Tenth and Seventh Circuits. *Id.* The court agreed that " 'a deposition is not a take home examination.' " *Id.* (quoting *Greenway*, 144 F.R.D. at 325). The court noted that summary judgment would rarely be granted if parties could create material factual disputes by changing their deposition testimony with an errata sheet. *Id.* "Parties should not be able to evade an answer given under oath during a

6

deposition when it is later used against them by simply stating the opposite in the errata sheet." *Id.*

Finding the analogy to sham affidavits to be persuasive, the *Wigg* court applied a three-factor test from the Tenth Circuit to Wigg's errata sheet. *Id.* at 1090-92 (citing *Burns*, 330 F.3d at 1282). Under the three-factor test, a court considers:

> whether the [deponent] was cross-examined during his earlier testimony, whether the [deponent] had access to the pertinent evidence at the time of his earlier testimony or whether the [Rule 30(e) correction] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the [Rule 30(e) correction] attempts to explain.

*Id.* (alterations in original) (quoting *Burns*, 330 F.3d at 1282); *see also Herndon*, 2007 WL 9808026, at *2 (applying same factors to errata sheet outside the context of summary judgment).

The City of Sioux Falls argues that *Wigg* does not apply to the factual context of this case because the purpose of the sham affidavit test is to prevent a party from avoiding summary judgment by manufacturing a factual issue in a later-submitted affidavit. Docket 55 at 1-4. Although *Wigg*, and the cases relied on by the *Wigg* court, addressed Rule 30(e) changes in the context of pending summary judgment motions, its rationale is persuasive beyond the summary judgment context. Other district courts have used a similar analysis and applied it to motions to strike errata sheets outside the summary judgment context. *See Greenway*, 144 F.R.D. at 325; *Herndon*, 2007 WL 9808026, at *1-3; *Pesicka v. Farmers' All Nat. Creamery, LLC*, 2018 WL 3970545, at *1-2 (D.

7

Colo. Aug. 20, 2018) (applying Tenth Circuit's narrow interpretation of Rule 30(e) and the *Burns* factors to a motion to strike outside the summary judgment context); *Sinclair Wyo. Ref. Co. v. A&B Builders, Ltd.*, 2018 WL 4677912, at *4 (D. Wyo. July 24, 2018) ("Applying the *Burns* factors beyond party deponents and motions for summary judgment context remains consistent with the Tenth Circuit notion that depositions are not take-home examinations and material changes to deposition testimonies are not looked upon favorably."). Regardless of the procedural posture of a case, a party "should not be able to evade an answer given under oath during a deposition when it is later used against them by simply stating the opposite in the errata sheet." *Wigg*, 274 F. Supp. 2d at 1091.

Staying in line with *Wigg's* narrow interpretation of Rule 30(e) changes, the court finds that substantive changes in an errata sheet are permissible under Rule 30(e) only to the extent that the proposed changes are consistent with deposition testimony. Rule 30(e) cannot be used for contradictory changes unless the change corrects a transcription error. But if a deponent makes substantive changes that contradict his deposition testimony and are not due to transcription errors, the court will apply the *Wigg* three-factor sham affidavit test. *See id.* at 1090-92; *Herndon*, 2007 WL 9808026, at *2.

In determining whether Dr. Nemire's corrections are permissible under Rule 30(e), the court must first determine whether Dr. Nemire's errata sheet corrections alter the substance of his deposition testimony. Jayne contends that Dr. Nemire's corrections are substantive and an attempt to "rewrite" his

8

testimony. Docket 42 at 6-13. Jayne argues that Dr. Nemire's corrections are not based on confusion or transcription errors. *Id.* The City of Sioux Falls argues that six of the seven corrections are clarifications and not material or contradictions. Docket 55 at 7-16. The City of Sioux Falls, however, acknowledges that one of Dr. Nemire's proposed corrections contains a contradiction between his deposition testimony and his errata sheet. *Id.* at 9.

Changes one, three, four, six, and seven involve the addition or substitution of words or phrases. *See* Docket 43-2 at 1-2. But the alterations do not substantially alter or contradict Dr. Nemire's deposition testimony. Instead, the alterations appear to be clarifications and are consistent with Dr. Nemire's deposition testimony. Thus, the court finds that changes one, three, four, six, and seven are permissible under Rule 30(e) and denies Jayne's motion to strike as it pertains to these five changes.

Changes two and five, however, are substantial alterations that directly contradict Dr. Nemire's deposition testimony. *See id.* at 1. For changes two and five, Dr. Nemire stated in his errata sheet that both of his deposition answers were incorrect and that he wished to change his testimony or state that he misremembered the facts during his deposition. *Id.* The City does not allege that changes two and five are due to errors by the reporter in transcribing. Thus, the court finds that changes two and five are substantial and contradictory alterations that exceed the bounds of Rule 30(e).

The court has also considered the factors articulated by the Tenth Circuit and is further convinced that changes two and five should be disregarded. *See*

*Wigg*, 274 F. Supp. 2d at 1090, 1091-92 (citing *Burns*, 330 F.3d at 1382). First, the City of Sioux Falls' counsel was present at the deposition and had the opportunity to cross-examine Dr. Nemire on his answers. Although counsel heard Dr. Nemire say all of the answers he now attempts to change, counsel failed to question Dr. Nemire on those matters. Second, there is no dispute that Dr. Nemire had access to the pertinent evidence at the time that he gave his deposition testimony. His opinion is not in any way based on newly discovered evidence. Third, the City argues that Dr. Nemire realized during his review of the deposition that he misunderstood the question in reference to his second change. Docket 55 at 9; Docket 43-2 at 1. But there is nothing in the deposition to indicate that Dr. Nemire was confused or did not understand the questions posed to him regarding his opinion at the deposition itself. The questions were straightforward and direct. Dr. Nemire is an educated and intelligent person.

Under these circumstances, the court believes that changes two and five amount to an impermissible rewrite of Dr. Nemire's testimony. The court grants Jayne's motion to strike as it pertains to these two changes.

## CONCLUSION

Changes one, three, four, six, and seven are permissible changes under Rule 30(e) of the Federal Rules of Civil Procedure. Changes two and five in Dr. Nemire's errata sheet are not permissible changes. The court will disregard and strike changes two and five and allow changes one, three, four, six, and seven in Dr. Nemire's errata sheet.

10

Thus, it is

ORDERED that the Jayne's motion to strike portions of Dr. Kenneth Nemire's errata sheet (Docket 41) is granted in part and denied in part.

Dated June 26, 2020.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

11